LEO J. RYAN, Respondent, *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

First Department, July 3, 1942.

*Roswell P. C. May* of counsel [*Bleakley, Platt & Walker*, attorneys], for the appellant.

*Jonas J. Shapiro* of counsel [*Jerome Handler* and *Benjamin Kaplan* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for the respondent.

UNTERMYER, J.  The plaintiff in his own behalf and as assignee of one Ries seeks to recover alleged balances of renewal commissions accruing after his discharge on life insurance policies theretofore procured.  Both Ries and Ryan are former agents of the defendant.  The controversy results exclusively from the deduction by the defendant of collection fees before payment of renewal commissions accruing after termination of the agency contracts.

The plaintiff became an agent of the defendant in 1927.  On March 1, 1929, he entered into the contract which is the subject of this litigation, only the fifth and seventeenth paragraphs of which are pertinent here.  These provide as follows:

" 5. If this contract shall remain in force for one full year from the date on which it takes effect and shall thereafter be terminated for cause other than the failure of the Second Party to keep and perform his agreements as herein contained, or if this contract shall terminate by reason of the death of Second Party before it has been in force for three full years, then the First Party agrees to continue to pay to Second Party or, in case of his decease, to his executor or administrator, subject to the collection fee herein provided for, the renewal commissions which would have been payable to said Second Party under the provisions of Paragraph 4 hereof if this contract had not been so terminated.  In the event of such termination of this contract by the death of the Second Party, no collection fee will be deducted, but in the event of such termination for any other cause, a collection fee of 2% of such premiums will be deducted from commissions payable at the rate of 7% and of 1% of such premiums from all other renewal commissions, except that it is understood that no collection fee will be deducted while the Second Party continues to actively represent the Company.  If this contract is terminated before it has been in force for one full year for cause other than the death of Second Party no further renewal commissions will be payable hereunder after such termination."

" 17. Unless otherwise terminated, this agreement may be terminated by either party by a notice in writing delivered personally, or mailed to the other party at the last known address, at least thirty days before the date therein fixed for such termination."

Although the agency contract of Ries differs in some respects from that of Ryan, the controlling language on the question presented here is the same.

On March 27, 1939, the defendant delivered to the plaintiff notice of termination in accordance with paragraph 17. Thereafter the defendant paid to the plaintiff renewal commissions after deduction, however, of a collection fee at the rate stipulated in the contract. For these deductions the plaintiff has recovered on the theory that the language of paragraph 5 " for any other cause " must be interpreted to mean " a cause that would legally justify " termination of the contract.

We think the words " for any other cause " include any cause whatever and whether or not such as might be legally sufficient to abrogate the contract. Such a cause would necessarily include the right to terminate upon thirty days' written notice under paragraph 17. The first sentence of paragraph 5 provides for the payment of commissions on renewal premiums after termination of the contract where the agent has been in the service of the company for the stipulated period and the contract is terminated for reasons other than the agent's failure to perform. This covenant to pay renewal premiums, however, is " subject to the collection fee " as provided in the second sentence of that paragraph. A fair construction of the language of that sentence we think precludes the conclusion that the cause for termination must be a " legally justifiable " one. That the word " cause " was used in its ordinary rather than its legal significance seems to follow from the fact that this sentence specifies two instances in which collection fees are not deductible, i. e., the death of the agent or his continued active representation of the company, neither of which would constitute " legal cause " for discharge. Yet, from these two contingencies do the crucial words " any other cause," by implication, receive their color and significance. Moreover, under the first sentence of paragraph 5 commissions on renewal premiums are payable only if the contract is terminated for " cause " other than the agent's failure to perform. If the word " cause " in the second sentence refers to a legally sufficient cause, it would follow that under the second sentence the company is authorized to deduct collection charges from renewal premiums which under the first sentence are not payable at all.

We think the disputed sentence imports that if the agent dies, thereby necessarily terminating the agency, no collection fee is deductible, but that in any other case of termination such a charge may be made.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant in all courts.